# FRANK L. COLE

*v.*

# H. W. DIETRICH AND H. E. GATES.

Mayaguez, Law, No. 216.

Where an agent sues his principals for commissions upon certain sales, and the contract between the parties is such that as matter of law the plaintiff is entitled to the whole of every commission, or to none of it, it is not within the power of the jury to divide one of the commissions just because the defendants may have taken some part in the sale. In such a case a new trial will be granted unless the plaintiff remits as to the portion of such commission which it is manifest the jury found in his favor.

Opinion filed August 28, 1909.

---

*Mr. B. J. Horton,* attorney for plaintiff.

*Messrs. Sweet & Wilcox,* attorneys for defendants.

RODEY, Judge, delivered the following opinion:

This matter is before us on a motion for a new trial. The

Cole v. Dietrich.

·case was tried on July 23d, before a jury, and a verdict was
rendered in favor of the plaintiff against both defendants for
the sum of $1,265.78, and an additional verdict was rendered
in favor of plaintiff against defendant H. W. Dietrich alone
for the sum of $90.

Able oral argument was made by counsel for the respective
parties on the motion before us, and thereafter each of them
filed elaborate briefs and written arguments, which we have gone
over carefully.

We cannot give the time to a recital here of the details of the
case, but a reference to the written arguments in the files will
inform anyone desiring to know the facts presented. We are
fully convinced that the defendants did not have their case pre-
sented by the court as it ought to have been, in the hurry of
the closing of the term, and without going into further particu-
lars we are of opinion that the verdict cannot stand in law. We
are satisfied that the verdict as to the Utuado contract was a
compromise, and that the jury simply divided the commission
on that sale between the parties. This they had no right in law
to do. Under the contract, the commission on that sale be-
longed either to the plaintiff or the defendants, and, as the
court cannot say which the jury found for, the verdict cannot
stand. However, we feel that the jury had a right, on the
evidence, to say that the plaintiff was entitled to recover on
the Ponce contract the sum of $261.81, and on the Mayaguez
contract the sum of $222.40, or in all the sum of $484.21. To
this sum should ·be added $50.36, the expense of plaintiff's
witnesses, who ·were brought and held in Mayaguez, owing to
defendants not being ready for the trial at the appointed time,
making in all the sum of $534.57. Therefore, unless the plain-

tiff will remit of record from the sum of $1,265.78, so recovered by the verdict, enough to reduce it to the sum of $534.57, a new trial will be granted, and it is so ordered.

If plaintiff does so remit within ten days from the entry of this order he may take execution for said sum of $534.57 with costs, and thus end the cause.

This order in no manner affects plaintiff's judgment against the defendant H. W. Dietrich, for $90 with costs, nor will it in any manner affect plaintiff's right to recover on a new trial the whole of the commission on the Utuado contract, if the jury shall so find, or unless the court shall otherwise instruct at the time of the trial.